UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEANNE ENDRES,                                    CASE NO:  8:26-cv-01836-VMC-LSG

      Plaintiff,

v.

CITY OF ANNA MARIA, FLORIDA,

      Defendant.

_____/

DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant City of Anna Maria, Florida ("City") by and through its undersigned counsel and pursuant to FED. R. CIV. P. 12(b)(6), files this, Defendant's Motion to Dismiss and as grounds therefore says:

On April 9, 2026, Leanne Endres (Plaintiff), filed a Complaint against the City, which was served on the City on June 4, 2026. [D.E. 1].  As the Complaint alleges violations under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101.; and Florida Statutes, Defendant timely removed Plaintiffs' Complaint.  [D.E. 1].

The allegations in Plaintiff's complaint arise out of her employment with Defendant and although not entirely clear, it appears Plaintiff is alleging she was

1

subject to a hostile work environment and discrete discriminatory acts on account of her age; disparate treatment and a failure to accommodate a disability and/or perceived disability; as well as that she has been retaliated against for engaging in protected activity under the ADA and Florida's Public Whistleblower statute. [D.E. 1].    Specifically, the claims are as follows: Count I – "Disability Discrimination under Chapter 760"; Count II – "Failure to Accommodate under Chapter 760"; Count III – "Disability Discrimination under the ADA"; Count IV – "Failure to Accommodate under the ADA"; Count V – "Retaliation"; Count VI – "Retaliation"; Count VII – "Public Whistleblower Retaliation"; Count VIII – "Age Discrimination"; and Count IX – "Age Discrimination." [Doc. 1].  Plaintiff appears to be seeking injunctive and declaratory relief, reinstatement or front pay, back pay, and attorney's fees and costs.  [Doc. 1].

Plaintiff's Complaint contains fifty-one (51) paragraphs of general allegations and then, in each Count, Plaintiff re-adopts all the general allegations without any application to the requisite elements of each respective cause of action.   [Doc. 1, ¶¶ 52, 61, 68, 76, 84, 91, 98, 106, and 114].  Plaintiff fails to apply any facts to any claim of relief, other than to plainly have them "realleged and incorporated." [Doc. 1].  Further, Plaintiff comingles different theories of recovery throughout the Complaint.  [Doc. 1].

Plaintiff's Complaint is deficient and subject to dismissal. Simply put, the Complaint does not provide Defendants with the fair notice they are entitled to under the Federal Rules of Civil Procedure. Moreover, on the merits, even taking all of Plaintiff's allegations as true, Plaintiff fails to state a cause of action as a matter of law.

MEMORANDUM OF LAW

A. Standard of Review

Under Federal Rules of Civil Procedure 12(b)(6), a complaint must be dismissed "if the facts as plead do not state a claim for relief that is plausible on its face." *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260-61 (11th Cir. 2009). In considering a motion to dismiss, a court accepts all well-plead allegations as true and construes the allegations in the light most favorable to the non-moving party. *See id.* However, a court need not accept as true conclusory allegations or "unfounded deductions of fact." *See id.* But rather, a plaintiff's allegations of fact must be sufficient to raise a right to relief beyond a speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Accordingly, "naked assertions devoid of further factual enhancement" will not suffice to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

In testing the sufficiency of a plaintiff's allegations, the Court does not presume that the plaintiff can prove facts that are not stated, nor does the Court

3

assume that the defendant has violated laws in ways not alleged.  *See Associated Gen. Contractors v. Cal State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Sinaltrainal*, 578 F. 3d at 1260-61. Thus, if the Complaint does not contain well plead allegations that "plausibly give rise to an entitlement of the relief," the action must be dismissed.  *See Iqbal*, 139 S.Ct. at 1950.

### B. Plaintiff's Complaint is Deficient

Plaintiff must provide "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Here, Plaintiff's Complaint fails to properly plead or allege sufficient facts to support each cause of action and, more importantly, completely fails to apply the facts to the elements of each respective cause of action. The complete inadequacy of the factual allegations and the application of the same to the elements of each cause of action hinders Defendant's ability to prepare a defense and this Court's ability to address Plaintiff's claims.

In setting forth a claim, a plaintiff must provide a short and plain statement of the plaintiff's entitlement to and demand for relief. Fed.R.Civ.P. 8(a). Federal Rule of Procedure Rule 10(b) further requires separate causes of action to be pled in separate counts.  Relevant facts should be segregated to each respective claim. *See Beckwith v. Bellsouth Telecommunications, Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005).  Here, however, Plaintiff's counts fail to allege, in any manner, the requisite elements of each cause of action with an application of the facts thereto and,

4

further, comingles theories and causes of actions in Plantiff's pled counts, instead of pleading separate causes of action in separate counts as required by Rule 10.

Further, Plaintiff's Complaint is a form of a shotgun pleading as each Count adopts all the general allegations.  For instance, Plaintiff's Count VII, premised on an alleged Whistleblower violation, adopts allegations about Plaintiff's co-workers making remarks about age.  micro-managing her allegedly based on her age and sex.  [D.E. 1].  This allegation plainly has nothing to do with Plaintiff's alleged Whistleblower claim or, if it does, the Complaint certainly does not in any way make such a connection.  While incorporating general allegations is fairly typical in complaints, as will be addressed in detail below, the problem here is that in each respective Count then, Plaintiff speaks in generalities only – never identifying which protected activity applies, or which employment action applies, etc.  Thus, it makes it impossible to understand which employment actions Plaintiff ties to which protected class or activity in order to formulate a defense thereto.

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th

5

Cir. 2002). "Shotgun pleadings…exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Here, Plaintiff's Complaint leaves this Court, and Defendant, with the challenge of referencing and cross referencing each Count to try and piece together which facts Plaintiff may have intended to apply to which Count and attempting to discern how Plaintiff intended to apply these allegations to each cause of action. This is contrary to the very purpose of the Federal Rules of Civil Procedure governing pleadings. Neither this Court, nor Defendant, should have to guess or piece together what it is exactly Plaintiff is attempting to allege occurred or, more importantly, how exactly Plaintiff is alleging that her rights were violated. Further, as will be addressed in detail below, Plaintiff also comingles causes of actions within a single count with respect to her claim of Age Discrimination.

Thus, Plaintiff has certainly failed to set forth the elements of each cause of action, and, has, further, failed to set out each cause of action separately. Even a cursory review of the Complaint reveals that it is entirely insufficient and must be dismissed.

### C. Counts I and III – Disability Discrimination[1]

As addressed above, these counts incorporate all of the general allegations and, then, simply state in generalities that Plaintiff was the victim of discrimination on the basis of her disability or perceived disability.  [Doc. 1, ¶ 54].  There are absolutely no specific allegations pled as to what the discriminatory adverse acts Plaintiff believes are tied to her disability or perceived disability were or, for instance, under the theory of "perceived disability," what disability she was perceived to have.  [Doc. 1].  In essence, Plaintiff has listed a litany of things that occurred during her employment and then pled nine causes of action, pleading generalities under each, expecting this Court, and Defendant, to weed through the Complaint and attempt to piece together how it is that Plaintiff is alleging that Defendant violated Plaintiff's rights.  This is plainly insufficient and these claims are due to be dismissed as insufficiently pled

### D. Counts II and IV – Failure to Accommodate

As addressed above, these counts incorporate all of the general allegations and, then, simply state in generalities that Plaintiff was not accommodated.  [Doc. 1, ¶¶ 62-63, 78-79].  There are absolutely no specific allegations isolated in either Count as to what Plaintiff claims was a request for an accommodation that was

---

[1] As disability discrimination claims brought under the Florida Civil Rights Act are considered within the same framework as those brought pursuant under the ADA, Defendant will address the Federal and Florida claim together.

then subsequently denied.  [Doc. 1, ¶¶ 60-67; 76-83].  There are many references to requests made by Plaintiff throughout the Complaint, and it is unclear which Plaintiff may be tying to her claims of failure to accommodate.  Thus, again, this Court, and Defendant, are left to weed through the Complaint and attempt to piece together how it is that Plaintiff is alleging that Defendant violated Plaintiff's rights under the ADA.  These claims are also due to be dismissed as insufficiently pled.

### E.  <u>Counts V and VI – Retaliation</u>

As with the other Counts, again, these counts incorporate all of the general allegations and, then, simply states in generalities that Plaintiff was the victim of retaliation "after Plaintiff reported or opposed unlawful employment practices adversely affecting her including without limitation opposing the failure to reasonably accommodate her and requesting accommodations."  [Doc. 1, ¶ 86, 93].  However, there are absolutely no specific allegations pled as to what the actual protected activity was – that is, there are no factual allegation for these Counts alleging when or how Plaintiff is claiming she reported or opposed unlawful employment practices under the ADA.  [Doc. 1].  Further, there are no factual allegations pled as to what adverse employment actions were taken by Defendant in retaliation for Plaintiff having engaged in this unidentified protected activity.  [Doc. 1].  Thus, again, like with all of the other Counts, this Court, and Defendant, are left to weed through the Complaint and attempt to piece together how it is that

Plaintiff is alleging that Defendant violated Plaintiff's rights under the ADA. These claims are also due to be dismissed as insufficiently pled.

### F.   Count VII – Public Whistleblower Retaliation

Plaintiff alleges a claim under the Florida Public Employee Whistleblower Act under the theory that Plaintiff has engaged in a protected disclosure and/or participating in some unidentified investigation. [Doc. 1, ¶¶ 98-105].

"To overcome a motion to dismiss for failure to state a cause of action with a retaliation claim under the [Whistleblower's] Act, the complaint must include sufficient facts to allege: (1) the plaintiff engaged in a protected activity (i.e. a protected disclosure); (2) the plaintiff suffered an adverse employment action; and (3) the two events are not wholly unrelated. *Shaw v. Town of Lake Clarke Shores*, 174 So. 3d 444, 445–46 (Fla. 4th DCA 2015)[2]; *see also Nazzal v. Fla. Dep't of Corr.*, 267 So. 3d 1094, 1096 (Fla. 1st DCA 2019) ("To establish a prima facie case under the Whistle-blower's Act, the plaintiff must show that (1) prior to her termination, she made a disclosure protected by the Act; (2) she suffered an adverse employment

---

[2] Florida Courts apply Title VII's retaliation analysis to claims asserted under the Whistle-blower's Act. *Griffin v. Deloach*, 259 So. 3d 929, 932 (Fla. 5th DCA 2018). The Supreme Court has clarified that the causal element in Title VII retaliation claims requires that the adverse act would not have occurred "but for" the protected activity. *University of Tex. Southwestern Med. V. Nassar*, 570 U.S. 338, 362; 133 S.Ct. 2517, 2534 (2013). Therefore, Defendant intends to challenge *Shaw's* articulation of the causal standard as: "not wholly unrelated." However, as argued below, Defendant is entitled to dismissal for reasons unrelated to the causal standard.

action; and (3) some causal connection exists between the first two elements."). "Relief under the Whistle-blower's Act requires a protected disclosure." *Hatfield v. N. Broward Hosp. Dist.*, 277 So. 3d 121, 123 (Fla. 4th DCA 2019).

Pursuant to Florida Statute § 112.3187(7), employees are protected by the Public Employee Whistleblower Act if they "…disclose information on their own initiative in a written and signed complaint" or if they "…are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity." *See* Fla. Stat. § 112.3187(7). A "protected disclosure" in the context of this case constitutes an employee's written and signed complaint or a written complaint. *Walker v. Fla. Dept. of Veterans' Affairs*, 925 So.2d 1149, 1150 (Fla. 4th DCA 2006); *Crouch v. Public Serv. Comm'n*, 913 So.2d 111, 111 (Fla. 1st DCA 2005) ("under the plain language of the statute, the complaints had to be in writing"). The purpose of this requirement "is to document what the employee disclosed, and to whom the employee disclosed it, thus avoiding problems of proof for purposes of the Whistleblower's Act." *Hutchinson v. Prudential Ins. Co. of Am., Inc.*, 645 So.2d 1047, 1050 (Fla. 3d DCA 1994) (finding a signed letter to be sufficient). Furthermore, "…for disclosures concerning a local governmental entity, including any…municipal entity…the information must be disclosed to a chief executive officer as defined in s. 447.203(9) or other appropriate local official." *See* Fla. Stat. § 112.3187(6).

10

The nature of information falling within the confines of the Public Employee Whistleblower Act are reports of "any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency…which creates and presents a substantial and specific danger to the public's health, safety, or welfare" and of "any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds…or gross neglect of duty committed by an employee or agent of an agency or independent contractor." *See* Fla. Stat. § 112.3187(5).

In the instant case, the allegations contained within the Complaint are legally insufficient to constitute protected activity under Fla. Stat. § 112.3187

The complaint is unclear as to what is relied upon as protected activity. Like with all of the other Counts, Plaintiff pleads in generalities – simply stating that she "reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct" to the appropriate persons and that she disclosed some unidentified information while participating in an unidentified investigation. [Doc. 1, ¶ 101]. However, Plaintiff does not in any way identify with any ounce of specificity what she reported and to whom and in what manner or what investigation she participated in. [Doc. 1]. These conclusory statements cannot serve as protected activity under Florida Statute § 112.3187 as Plaintiff fails to provide any of the required information under Florida Statute §

11

112.3187(5), fails to identify if the letter was disclosed to appropriate local official under Fla. Stat. § 112.3187(6); fails to show the disclosure reports a violation covered by the Act; and fails to show the disclosure meets any of the requirements under Fla. Stat. § 112.3187(7). *See also Broward Cnty. Sherriff's Office v. Hamby*, 300 So. 3d 213 (Fla. 4th DCA 2020) (holding that vague and conclusory allegations are insufficient to show a protected disclosure under the whistleblower act); *Scheirich v. Town of Hillsboro Beach*, 2008 WL 1886621 (S.D. FL. Jan. 18, 2008) (holding that a plaintiff fails to state a protected disclosure by making vague references to other alleged communications); *Nazzal*, 267 So. 3d at 1097 (holding conclusory statement was insufficient to show a protected disclosure under the Act); *Caldwell v. Fla. Dep't of Elder Affairs*, 121 So. 3d 1062, 1063 (Fla. 1st DCA 2013) (holding the prima facie case not pled where there were conclusory allegations failing to describe any act or suspected act of misfeasance).

Plaintiff's vague and conclusory statements fail to meet the requirements to show protected activity under Fla. Stat. § 112.3187 and so Plaintiff's claim must be dismissed.

### G. Counts VIII and IX – Age Discrimination[3]

---

[3] As age discrimination claims brought under the Florida Civil Rights Act are considered within the same framework as those brought pursuant under the ADEA, Defendant will address the Federal and Florida claim together.

12

These Counts contain the same pleading deficiencies noted with the other claims - while Plaintiff incorporates all the general allegations into these Counts, at no point does Plaintiff address the elements of a cause of action for age discrimination under the ADEA, with an application of facts to these elements. Thus, this Court and Defendant are left to weed through the Complaint and attempt to piece together how it is that Plaintiff is alleging Defendant violated Plaintiff's rights under the ADEA. Further, Plaintiff also has discrimination based on disparate treatment and discrimination based on hostile work environment commingled together. Specifically, within each count Plaintiff alleges that "Defendant is liability for differential treatment and hostility …" and then to make some conclusory allegations that would go to either theory of recovery. [D.E. 1, ¶¶ 108, 116].

Federal Rule of Procedure Rule 10(b) requires separate causes of action to be pled in separate counts. Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit defined one type of shotgun pleading as "commit[ing] the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. This error fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

13

Shotgun pleadings not only confound a defendant's efforts to fashion a responsive pleading but also impermissibly force the court to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n. 9 (11th Cir. 2002). As the Middle District has previously stated, "[i]t is neither [d]efendants', nor this Court's, duty to play hide-and-seek with claims that [p]laintiff claims might be hidden somewhere within [p]laintiff's [c]omplaint." *Klauber v. City of Sarasota*, 235 F. Supp. 2d 1263, 1269 (M.D. Fla. 2002).

Here, Plaintiff's counts of age discrimination assert claims for alleged discrimination based on disparate treatment and alleged discrimination based on hostile work environment commingled together within the same counts. Each of these theories of recovery are separate causes of action with their own pleading requirements, required elements, and different standards that must be met to prove each claim. *See* 42 U.S.C. §2000e; *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Mendoza v. Borden*, 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc); *Brown v. Alabama Dept. of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010), *quoting, Bryant v. Jones*, 575 F.3d 1281, 1307-08 (11th Cir. 2009); *Gloetzner v. Lynch*, 225 F. Supp. 3d 1329 (N.D. Fla. 2016). As a result, Plaintiff's age discrimination claims are also due to be dismissed.

14

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Amended Complaint, and providing Plaintiff with opportunity to amend and for such other and further relief as the Court deems just and proper.

### CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that the undersigned conferred with Plaintiff's counsel on July 1, 2026, who was in agreement with this motion and requested leave to file a First Amended Complaint. Defendant does not object to and would consent to this request.

I HEREBY CERTIFY that on July 1, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Marie A. Mattox, 203 N. Gadsden Street, Tallahassee, FL 32301.

*/s/Patricia M. Rego Chapman*
DOUGLAS T. NOAH, ESQ.
Florida Bar No. 0863970
PATRICIA M. REGO CHAPMAN, ESQ.
Florida Bar No. 085309
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
DNoah@drml-law.com
PChapman@drml-law.com
Attorneys for Defendant

15